**In the Matter of Tracie M. SMITH, Debtor.**

**Branch Banking & Trust, Plaintiff,**

v.

**Tracie M. Smith and William M. Flatau, Defendants.**

**No. 03–30458–RFH.**
**Adversary No. 03–3031.**

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Nov. 5, 2003.

Molly L. McCollum, Macon, GA, for Plaintiff.

Barry Gordon Irwin, Athens, GA, for Tracie M. Smith.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Tracie M. Smith, Defendant, filed on July 24, 2003, Defendant's Motion to Dismiss. Branch Banking and Trust Company, Plaintiff, filed a response on August 11, 2003. Defendant's motion came on for a hearing on August 14, 2003. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.[1]

Defendant and her parents executed a promissory note dated April 10, 2000, in favor of the Bank of Danielsville. Plaintiff is the successor to the Bank of Danielsville. The obligation is secured by certain real property owned by Defendant and by certain real property owned by her father. The obligation is a refinancing of certain prior mortgage loans.

Defendant and her parents, in January of 2003, advised Plaintiff that they were rescinding the obligation pursuant to the Truth–in–Lending Act ("TILA"). Plaintiff argues that Defendant and her parents have neither the intent nor the capability of returning the loan proceeds.[2]

Defendant filed a petition under Chapter 7 of the Bankruptcy Code on March 6, 2003. Defendant listed on Schedule A— Real Property, the real property that secures her obligation to Plaintiff.

Plaintiff filed on June 24, 2003 an adversary proceeding to confirm the validity and extent of its lien against Defendant's real property. Plaintiff also seeks a determination that Defendant's obligation for her "wrongful purported rescission" is nondischargeable in bankruptcy. Defendant filed a motion to dismiss arguing, in part, that the adversary proceeding is a non-core proceeding. Defendant does not consent to entry of a final order by this Court asserting that this is a non-core proceeding. 28 U.S.C.A. § 157(c)(West 1993).

The Court entered an order on July 2, 2003, granting Defendant a discharge in bankruptcy. Defendant argues that the Chapter 7 Trustee has abandoned the real property that secures her obligation. The record of Defendant's bankruptcy case, however, does not show that the trustee has abandoned the real property or that Defendant's bankruptcy case been closed. See 11 U.S.C.A. § 554 (West 1993). (trustee, after notice and a hearing, may abandon property of the estate; scheduled property is abandoned to debtor when bankruptcy case is closed); M.D. Ga. LBR 6007–1.

The Court is persuaded that the real property at issue is part of Defendant's bankruptcy estate. If Plaintiff's lien

1. The Court offered Plaintiff and Defendant an opportunity to file briefs within ten days of the hearing. Neither Plaintiff nor Defendant have filed a brief.

2. See 15 U.S.C.A. § 1635 (West 1998).

against the real estate is subject to rescission, the trustee may have a valuable asset to administer. 28 U.S.C.A. § 157(b)(2)(A),(K)(West 1993) (core proceedings include matters concerning administration of the estate and determinations of the validity, extent, or priority of liens.) The Court therefore must conclude that Plaintiff's adversary proceeding is a core proceeding in Defendant's bankruptcy case.

The Court is persuaded that Defendant's Motion to Dismiss must be denied.

An order in accordance with this memorandum opinion will be entered this date.